**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LITERA CORP.,** | |
| **Plaintiff,** | **Case No.: 18-cv-4232** |
| **v.** | |
| **WORKSHARE TECHNOLOGY, INC., and WORKSHARE, LTD.,** | **JURY TRIAL DEMANDED** |
| **Defendants,** | |

**<u>COMPLAINT</u>**

NOW COMES Plaintiff, Litera Corp. ("Plaintiff"), by and through its attorney of record, Ryan M. Kaiser of Amin Talati Upadhye, LLP, and hereby complains of Defendants, Workshare Technology, Inc. and Workshare, Ltd. (collectively "Defendants"), as follows:

**<u>THE PARTIES</u>**

1.      Plaintiff Litera Corp. is Delaware Corporation who does business in Illinois and has a principal place of business at 717 Green Valley Road, Suite 200, Greensboro, NC 27408, as well as an office located at 300 S. Riverside Plaza, Suite 800, Chicago, IL 60606, as well as an Officer and employees in Chicago.  Plaintiff also conducts a substantial amount of business in Chicago.

2.      Upon information and belief, Defendant Workshare Technology, Inc. is a California corporation having its principal place of business at 650 California St., Floor 7, San Francisco, CA 94108.  Upon information and belief, Workshare Technology, Inc. conducts substantial business within this District and the state of Illinois.

3.     Upon information and belief, and according to its filings at the U.S. Patent and Trademark Office, Defendant Workshare Ltd. is a United Kingdom corporation having a place of business at 208 Utah Street, Suite 305, San Francisco, CA 94103.  Upon information and belief, Workshare Ltd. conducts substantial business within this District and the state of Illinois.

## JURISDICTION AND VENUE

4.     This is an action for violations of the Lanham Act, as well as various acts of unfair competition and willful deceptive trade practices.  This Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement and related claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

5.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.     Defendants are subject to this Court's jurisdiction because, upon information and belief, Defendants have substantial contacts with the state of Illinois and do substantial business in the Northern District of Illinois, by among other things, marketing and selling their goods and services within this District, soliciting clients located in this District, and publishing advertising materials within this District.  Defendants have also committed the acts complained of herein within this District, and have caused harm to Plaintiff in this District.  In addition, Defendants operate a website which is viewable, and in fact viewed, by a significant number of citizens of this District.  According to its website, Defendants also have "partners" and clients located within this District.

7.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) and (c). Upon information and belief, Defendants have substantial contacts with the state of Illinois and do substantial business in the Northern District of Illinois, by among other things, marketing and selling their goods and services within this District, soliciting clients located in this District, and publishing advertising materials within this District.

## GENERAL ALLEGATIONS

8.      Plaintiff specializes in delivering innovative software and technology solutions to the legal and life sciences communities. By virtue of its quality products and services, and well-known reputation among customers, Plaintiff has become the industry-leading, end-to-end provider of document lifecycle solutions. Today, Plaintiff supports more than 1,300 organizations across the globe in both the legal and life sciences sectors.

9.      Among its many product brands, Plaintiff is the owner of the trademark Metadact® -- United States Patent and Trademark Office ("USPTO") Registration No. 3,715,689 – which it began using throughout the U.S. in 2008.  Plaintiff has never abandoned its Metadact® mark and has used it continuously since 2008.

10.     Metadact® is a computer software offering that provides comprehensive server and desktop metadata management to protect law firms and organizations from loss of reputation, financial risk, data leakage, and possible malpractice due to inadvertent disclosure. Metadact® ensures thorough metadata scrubbing of every file to reduce risk and ensure that sensitive data remains secure.

11.     Plaintiff also conducts business generally throughout the U.S. under the Litera® name, and is the owner of the trademark Litera® -- USPTO Registration No. 2,751,390 – which it began using in connection with computer software in 2003, and has used continuously and

exclusively ever since. Plaintiff owns a family of Litera® marks and registrations, such as: Litera Sync®; Litera Apps Launcher®; Litera Lexpro®; Litera Ekta®; Litera Galaxy®; and many others. (The Litera® and Metadact® trademarks are hereinafter collectively referred to as "Plaintiff's Trademarks").

12. Having built its reputation in the software and technology field through diligent work, comprehensive knowledge, and exceptional products and service, Plaintiff takes great care to protect the goodwill associated with its trademarks by ensuring that the products and services offered in connection with its marks consistently meet high quality standards.

## Defendants Infringing Conduct

13. Defendants offer document management and processing solutions, such as document comparison and metadata management software that purport to have similar functionality to some of Plaintiff's products.

14. Defendants promote and sell their products throughout the U.S. and internationally.

15. Sometime long after Plaintiff's first use and registration of Plaintiff's Trademarks, Defendants began using identical marks, and possibly others, in the promotion and sale of their software products.

16. Defendants purchase Plaintiff's Trademarks as paid AdWords with online search engines such as Google, Bing or Yahoo which they use for purposes of linking consumers searching for Plaintiff and its products with advertisements for Defendants' competing products.

17. As a result, a consumer who searches the Google.com search engine (or similar search engine) for "Metadact" will see an advertisement for Defendants' competing product with a link to Defendants' website.

18.     In addition to purchasing Plaintiff's Trademarks as paid AdWords, Defendants display Plaintiff's Trademarks prominently within the advertisements themselves.  Specifically, a consumer searching for "Metadact" will see the following advertisement:



19.     Defendants' use of Plaintiff's Trademarks in this manner misleads and confuses consumers into believing that Plaintiff or its products are somehow affiliated with Defendants, or that Plaintiff's goods and services are sold, sponsored or promoted by Defendants, when in fact they are not.

20.     Defendants' use of Plaintiff's Trademarks is a willful, intentional, and malicious attempt to misdirect Plaintiff's current and potential customers to Defendants' website.

21.     Upon information and belief, a significant number of customer and potential customers have in fact been confused, deceived or mislead as a result of Defendants' conduct.

## COUNT I
### (Trademark Infringement – 15 U.S.C. § 1114)

22.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

23.     Plaintiff owns the Metadact® mark which is a valid, protectable, well-known and federally-registered trademark.

24.     Plaintiff's rights in the Metadact® mark pre-date any use of that mark by Defendants.

25.     Plaintiff owns all rights, title, interest and goodwill associated with the Metadact® mark.

26.     At all times complained of herein, Defendants were aware of Plaintiff's rights in the Metadact® mark.

27.     Defendants have used the Metadact® mark in commerce without Plaintiff's knowledge or consent.

28.     Defendants have used the Metadact® mark in a manner calculated to capture initial consumer attention and to direct such attention to the Defendants' website in the promotion of Defendants' competing product(s).

29.     Defendants' use of the Metadact® mark has been willful, deliberate, intended to benefit Defendants at Plaintiff's expense, and made in bad faith.

30.     Defendants' use of the Metadact® mark is likely to cause confusion in violation of the Lanham Act.

31.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to loss of goodwill and lost profits.

32. Defendants, by their actions, have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT II

### (Trademark Infringement – 15 U.S.C. § 1114)

33. Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

34. Plaintiff owns the Litera® mark which is a valid, protectable, well-known and federally-registered trademark.

35. Plaintiff's rights in the Litera® mark pre-date any use of that mark by Defendants.

36. Plaintiff owns all rights, title, interest and goodwill associated with the Litera® mark.

37. At all times complained of herein, Defendants were aware of Plaintiff's rights in the Litera® mark.

38. Defendants have used the Litera® mark in commerce without Plaintiff's knowledge or consent.

39. Defendants have used the Litera® mark in a manner calculated to capture initial consumer attention and to direct such attention to the Defendants' website in the promotion of Defendants' competing product(s).

40. Defendants' use of the Litera® mark has been willful, deliberate, intended to benefit Defendants at Plaintiff's expense, and made in bad faith.

41. Defendants' use of the Litera® mark is likely to cause confusion in violation of the Lanham Act.

42.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to loss of goodwill and lost profits.

43.     Defendants, by their actions, have irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT III
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

44.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

45.     Defendants' actions constitute unfair competition in violation of the Lanham Act.

46.     As a proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

47.     At all material times, Defendants have acted in bad faith, oppressively, and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendants in an amount to be determined at trial.

48.     Defendants' actions have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

## COUNT IV
### (Violation of Deceptive Trade Practices Act of Illinois – 815 ILCS/2)

49.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

50.     The foregoing acts of Defendants constitute violations of the Illinois Deceptive Trade Practices Act (815 ILCS 510 *et seq*.) because they are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services.

51.     Defendants' conduct is causing the likelihood of confusion or a misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods.

52.     Defendants' actions have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

53.     Upon information and belief, Defendants' actions were in bad faith and willful disregard of Plaintiff's rights.

54.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled in either equity or law.

55.     Defendants' advertising falsely represents the effectiveness of Plaintiff's product as well as other salient characteristics.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a)    Plaintiff be awarded compensatory damages and lost profits (or ill-gotten profits) in an amount to be determined at trial;

b)   Plaintiff be awarded punitive damages in an amount to be determined at trial;

c)   Plaintiff be awarded its reasonable attorneys' fees and costs in this action;

d)   The Court enter judgment in favor of Plaintiff granting equitable and injunctive relief over the activities complained of, as well as the use of any of Plaintiff's trademarks in any form;

e)  The Defendants be ordered to publish corrective advertising alerting consumers of their conduct and this Court's ruling; and

f)  Such other relief as this Court deems reasonable and just.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated:  June 18, 2018

Respectfully Submitted,

/s/ Ryan M. Kaiser
Ryan M. Kaiser
Amin Talati Upadhye, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Ph: (312) 327-3328

Attorneys for Plaintiff